IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRANSCEND MEDICAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-830 (SLR) |
| | ) | |
| GLAUKOS CORPORATION, | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Defendant. | ) | |

## SCHEDULING ORDER

At Wilmington this _____ day of August 2013, the parties having satisfied their

obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling

conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b);

IT IS ORDERED that:

1.    **Pre-Discovery Disclosures.**    The parties have exchanged the information

required by Fed. R. Civ. P. 26(a)(1).  Within 30 days after the Rule 16 conference, each party

shall disclose the information specified in Paragraph 3 of this Court's Default Standard for

Discovery, Including Discovery of Electronically Stored Information (hereinafter, the "Default

Standard for Discovery").

2.    **Discovery.**

(a)    The issues of willfulness and damages shall be bifurcated for purposes of

discovery and trial, unless good cause is shown otherwise.

(b)    Discovery will be needed on the following subjects:  subject-matter

jurisdiction, patent infringement, invalidity, and affirmative defenses.

(c)    The parties shall comply with the initial discovery specified in Paragraph

4 of the Default Standard for Discovery.

(d)     All fact discovery shall be commenced in time to be completed by **August 29, 2014**.

(1)     Maximum of **25** interrogatories by each party to any other party.

(2)     In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof.  The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(3)     Maximum of **50** requests for admission by each party to any other party.

(4)     Discovery of paper and electronic documents (hereafter, "e-discovery") shall be completed on or before **March 28, 2014**.  In the absence of agreement among the parties or by order of the court, the court's Default Standard for Discovery shall govern.

(5)     Maximum of **15** fact depositions per side.  The parties may seek an order from the Court for additional depositions or for additional deposition hours for good cause shown.  Each fact deposition taken pursuant to FRCP 30(b)(1) shall be limited to a maximum of 7 hours on the record unless extended by agreement of parties. Each inventor may only be deposed once in his individual capacity.   For purposes of counting depositions under this paragraph, each 7 hours on the record in a Rule 30(b)(6) deposition shall count as 1 deposition.

(6)     In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled

prior to the completion of document production.   The parties agree that Glaukos Corporation may notice and take one Rule 30(b)(6) deposition of Transcend Medical, Inc. relating to subject-matter jurisdiction following the issuance of this Order at a time mutually convenient for the parties.

(e)   Expert discovery shall be commenced in time to be completed by **March 13, 2015**.

(1)   Expert reports on issues for which the parties have the burden of proof due **January 16, 2015**.   Rebuttal expert reports due **February 13, 2015**.   Supplement reports (for, e.g., on secondary considerations of obviousness) due **February 27, 2015**.

(2)   Unless extended by agreement of the parties or order of the Court upon a showing of good cause, the total time for expert depositions shall be limited to a maximum of 7 hours on the record per expert, except that depositions of experts who are opining on both infringement and validity in only one case-in-chief shall be limited to a maximum of 14 hours on the record.

(3)   All Daubert motions shall be filed on or before **May 8, 2015**.

(f)   Supplementations under Rule 26(e) due **at the close of fact discovery**.

(g)   **Discovery Disputes**.

(1)   The court shall conduct an in-person discovery status conference on April 16, 2014 at 4:30 p.m., the time to be allotted equally among the parties.   **No motions to compel or for protective order shall be filed absent prior approval of the court**.

(2)   The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition.

(h) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before **April 25, 2014**.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[1] for the purposes of exploring ADR. Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties to exchange discovery on any subject, including damages and willful infringement, in aid of settlement.

5. **Claim Construction Issue Identification.** If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms **July 25, 2014**. This document will not be filed with the court. Subsequent to

---

[1] The court may also refer ADR to a Special Master.

exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 8 below.

6.      **Claim Construction.**  Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning.  Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on **September 19, 2014**, with the claim chart separately docketed.  Patentee shall serve and file its opening brief on claim construction on or before **October 17, 2014**.  The alleged infringer shall serve and file its answering claim construction brief on or before **November 14, 2014**.  Patentee shall serve and file its reply brief on or before **December 3, 2014**.  The alleged infringer shall serve and file its surreply brief on or before **December 22, 2014**.

7.      **Summary Judgment Motions (only in cases where a jury demand has been made).**

(a)      All summary judgment motions shall be served and filed on or before **May 8, 2015**.  No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

(b)      Opening briefs on infringement and invalidity shall be served and filed on or before **May 8, 2015**.

(c)      Opening briefs or combined opening-answering briefs on noninfringement and validity shall be served and filed on or before **June 5, 2015**.

(d)      Where cross-motions are not presented, answering briefs on infringement and invalidity shall be due **June 5, 2015** and reply briefs shall be due as calculated from the filing of the answering brief as per LR 7.1.2.

(e)      Where cross-motions are presented, a surreply brief will be permitted, to be filed 7 days from the filing of the reply brief.

(f)      The hearing on the claim construction and motion(s) for summary judgment will be heard on **August 7, 2015 at 9:30 a.m.**

8.     **Applications by Motion.**  Any application to the court shall be by written motion filed with the clerk.  **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

(a)      Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

(b)      No telephone calls shall be made to chambers.

(c)      Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov.   The email shall provide a short statement describing the emergency.  NO ATTACHMENTS shall be submitted in connection with said emails.

9.     **Motions in Limine.**  **No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10.     **Pretrial Conference.**  A pretrial conference will be held on **October 7, 2015** at **4:30 p.m.** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington,

Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

      11.    **Trial.** This matter is scheduled for a **5 day jury trial** commencing on **November 2, 2015** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

 

Sue L. Robinson
United States District Judge