

Kenneth L. Dorsney<br>
302.888.6855<br>
kdorsney@morrisjames.com

September 28, 2015

**VIA CM/ECF AND FIRST CLASS MAIL**
The Honorable Mitchell S. Goldberg
United States District Court
   For the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street, Room 7614
Philadelphia, PA 19106-1797

      Re:   *Transcend Medical, Inc. v. Glaukos Corporation*
             C.A. No. 13-830 (MSG)

Your Honor:

      We write on behalf of Defendant Glaukos Corporation regarding the bench trial on Plaintiff Transcend Medical, Inc.'s inequitable conduct claim scheduled to begin on November 2, 2015, in the matter referred to above. *See* D.I. 287.

      Glaukos firmly believes that Transcend's inequitable conduct claim is without merit, as would be demonstrated at any trial on the matter where Glaukos has the opportunity to respond fully to Transcend's allegations. Nevertheless, less than two weeks ago, a judgment of non-infringement was entered in Transcend's favor on the very same patents at issue in the inequitable conduct claim. *See* D.I. 281, D.I. 282. If affirmed on appeal, this ruling would render unnecessary the inequitable conduct trial. As a result, proceeding with the inequitable conduct trial before an appeal could result in the unnecessary expenditure of substantial resources and time of the Court and the parties. Moreover, proceeding with an appeal now would potentially avoid the needless disruption to the lives and schedules of the ten witnesses who are likely to testify in-person at the inequitable conduct trial – many of whom are third parties living in California thousands of miles away from the courthouse.

      To avoid this, courts have the discretion to dismiss inequitable conduct claims without prejudice to allow an appeal to go forward first, and indeed courts frequently do so. *See, e.g.*, *Liquidnet Holdings, Inc. v. Pulse Trading, Inc.*, No. 07 Civ. 6886 (SAS), 2011 WL 2493526, at *1 (S.D.N.Y. June 22, 2011) (recognizing that "[d]istrict courts *routinely* decline to adjudicate inequitable conduct claims following a finding of non-infringement, and either dismiss them without prejudice, or stay the claims and enter judgment under Rule 54(b)." (emphasis added)). This Court should do so here as well.

Accordingly, Glaukos respectfully requests that the Court dismiss Transcend's inequitable conduct claim without prejudice and enter final judgment in Transcend's favor on the issue of non-infringement.[1] The parties met-and-conferred on this proposed course of action, but could not reach an agreement. The parties therefore agreed to submit letter briefs on the issue, with Glaukos' due on September 28, 2015 and Transcend's due on October 5, so that the parties could address any questions that the Court may have at the October 7 pretrial conference.

## I. BACKGROUND

On May 20, 2013, Transcend sued Glaukos seeking declaratory judgment of non-infringement and invalidity of three patents.[2] D.I. 1. Over 15 months later and shortly before the end of fact discovery, Transcend filed its Second Amended Complaint, adding a claim for declaratory judgment of unenforceability of the patents-in-suit due to inequitable conduct. D.I. 125. Throughout its complaints, Transcend has consistently asserted that it sought declaratory relief to "resolve the cloud of uncertainty created" by the assertion that Transcend's CyPass technology infringed "any system or apparatus claim of the patents-in-suit." *Id.* ¶¶ 11-14.

On June 12, 2015, Transcend filed motions for summary judgment on the issues of non-infringement and invalidity, and Glaukos filed a motion for summary judgment on the issue of inequitable conduct. *See* D.I. 207, D.I. 210, D.I. 214. The Court heard oral argument on these motions on July 29 and then took them under submission. While the motions were pending, Glaukos and Transcend jointly stipulated to bifurcate the bench trial on inequitable conduct from the jury trial on infringement and validity. D.I. 278. The Court granted that stipulation during a September 2 telephonic conference.

On September 18, 2015, the Court ruled on the parties' summary judgment motions. The Court granted Transcend's motion on the issue of non-infringement and granted-in-part Transcend's motion on the issue of invalidity. D.I. 282, 286. The Court denied Glaukos' motion on the issue of inequitable conduct. D.I. 284.

Less than a week later, Glaukos proposed that Transcend dismiss the inequitable conduct claim without prejudice in light of the Court's non-infringement ruling. Transcend refused.

---

[1] Although the Court only granted in-part Transcend's motion for summary judgment of invalidity (D.I. 286), during a September 24, 2015 meet-and-confer, Transcend indicated that a trial on its invalidity claim was now unnecessary in light of the non-infringement ruling. Thus, there is no dispute that the Court can and should dismiss Transcend's invalidity claim without prejudice as well. *See, e.g.*, *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 444, 447 n.4 (D. Del. 2004) (dismissing without prejudice claim of declaratory judgment for invalidity immediately after granting summary judgment of non-infringement).

[2] Transcend added a fourth patent, U.S. Patent No. 8,579,846, to its First Amended Complaint. D.I. 38. After claim construction, however, issues regarding one of the asserted patents, 7,850,637, were resolved, leaving just three: U.S. Patent Nos. 7,857,782, 8,075,511, and 8,579,846 (collectively, the "patents-in-suit"). *See* D.I. 283, at 1 n.1.

When pressed for why, Transcend asserted that the trial should go forward because it wanted to "get [the inequitable conduct claim] put to bed."

## II. THE COURT SHOUD EXERCISE ITS DISCRETION TO DISMISS TRANSCEND'S INEQUITABLE CONDUCT CLAIM WITHOUT PREJUDICE

A district court retains discretion to dismiss an inequitable conduct claim without prejudice – either with or without a finding that the claim is moot – following the entry of an order of non-infringement. *See Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1370-71 (Fed. Cir. 2004) ("A district court judge faced with an invalidity [or unenforceability] counterclaim challenging a patent that it concludes was not infringed may either hear the claim or dismiss it without prejudice, subject to review only for abuse of discretion."); *Nystrom v. TREX Co.,* 339 F.3d 1347, 1351 (Fed. Cir. 2003) ("[T]he district court could have dismissed the counterclaim [for unenforceability] without prejudice (either with or without a finding that the counterclaim was moot) following the grant of summary judgment of non-infringement."). Recognizing that affirmance on appeal of a non-infringement ruling could render a trial on the inequitable conduct claim unnecessary, courts routinely elect to exercise their discretion to dismiss inequitable conduct claims without prejudice. *See BIAX Corp. v. NVIDIA Corp.*, No. 09-cv-01257-PAB-MEH, 2012 WL 1033366, at *1-*2 (D. Co. March 26, 2012)(listing numerous cases in which courts chose to dismiss claims without prejudice after a finding of non-infringement)*; see also Liquidnet Holdings*, 2011 WL 2493526, at *1 n.6 (same). This is true even where, as here, the claims were filed by a declaratory judgment plaintiff, and not as counterclaims in response to a complaint for patent infringement. *See, e.g.*, *Dolby Labs., Inc. v. Lucent Techs. Inc.,* No. C:01-20709-JF, 2005 WL 2171921, at *2 (N.D. Cal. Sept. 6, 2005) (dismissal of claims appropriate even though the putative infringer brought those claims "affirmative[ly]…in a declaratory judgment action.").

Here, the Court should exercise its discretion to dismiss Transcend's inequitable conduct claim without prejudice, pending appeal of the infringement issue, for at least four reasons:

*First*, this Court's summary judgment ruling on non-infringement has provided Transcend with the result that led it to file this lawsuit in the first instance – namely, to "resolve the cloud of uncertainty created" by the assertion that Transcend's CyPass technology infringed "any system or apparatus claim of the patents-in-suit." D.I. 125 ¶¶ 11-14. Absent reversal on appeal, that "cloud" has been removed, and the controversy that led to this lawsuit has been resolved. Thus, an inequitable conduct trial is unnecessary.

To be sure, a few courts have exercised their discretion to hear an inequitable conduct claim following summary judgment of non-infringement.[3] But those cases are inapposite, as

---

[3] Although in 1993 the Supreme Court recognized that the public may have an interest in an invalidity determination even after a judgment of non-infringement, *Cardinal Chemical Co. v. Morton Int'l, Inc.*, 508 U.S. 83 (1993), the Federal Circuit has since repeatedly affirmed a district court's discretion to dismiss such claims under the circumstances. *Liquid Dynamics*, 355 F.3d at 1370-71; *Nystrom*, 339 F.3d at 1351. Indeed, district courts often dismiss invalidity

they involved parties who were at a continued risk of litigation from the patentee on the patentee's patents-in-suit. *See, e.g.*, *Juniper Networks, Inc. v. Bahattab*, No. 07-1771 (PLF)(AK), 2009 WL 6781382, at *6 (D.D.C. Aug. 14, 2009) (allowing inequitable conduct counterclaim to proceed because the patentee continued to sue the non-infringer for infringement of the patent in Dubai). Here, if the Federal Circuit affirms this Court's summary judgment ruling on non-infringement, Transcend is not at risk of future litigation involving the asserted system and apparatus claims of the patents-in-suit. Moreover, Transcend has admitted that "no actual controversy exists on any of Glaukos' [unasserted] method claims and [it] therefore does not seek to challenge any of Glaukos' method claims with this action." D.I. 125 ¶ 14.

*Second*, Transcend will not be prejudiced if its inequitable conduct claim is dismissed without prejudice. Transcend will retain the ability to re-assert and try its inequitable conduct claim if the summary judgment ruling on non-infringement is reversed on appeal, and as is the case presently, Glaukos will agree to try the inequitable conduct claim first in the event of a remand. Moreover, this is not a case where the memory of the expected trial witnesses may fade substantially over the course of an appeal. As an initial matter, the majority of the events at issue in Transcend's allegations took place nearly 15 years ago, and thus it is unlikely that memories will materially deteriorate any further over the time it takes to proceed with an appeal. Furthermore, Transcend has already deposed all 14 witnesses on the parties' witness lists, and has even deposed three of the key witnesses – Roger Tu, Olav Bergheim and Dr. Richard Hill – twice. Thus, the witnesses' testimony has been preserved through depositions, and cannot be expected to worsen much more over time.

*Third*, substantial resources of the Court and the parties would be needlessly expended if the inequitable conduct trial proceeded and the non-infringement ruling is affirmed on appeal. The inequitable conduct trial is anticipated to take five days, requiring a significant expenditure of time and money. Neither party is located in or based out of Philadelphia, PA, and thus the trial will require considerable travel and hotel expenses. Moreover, this burden weighs more heavily on Glaukos than on Transcend. None of the witnesses expected to testify at trial are Transcend witnesses. Instead, all of the witnesses, including those Transcend will call in its case-in-chief, will be brought to trial by Glaukos. Additionally, all of the witnesses who are presently expected to testify in-person at trial reside in California, and four of them – Dr. Mory Gharib, Dr. James Hill, Barbara Niksch, and Roger Tu – are third parties with no present affiliation with Glaukos. Indeed, only two of the trial witnesses are current Glaukos employees. Thus, it is in the best interests of the Court, the parties, and the witnesses to dismiss the inequitable conduct claim without prejudice and allow the entry of judgment in Transcend's

---

claims without prejudice because of judicial economy concerns. *See, e.g., Advanced Software Design Corp. v. Fiserv, Inc.,* 650 F. Supp. 2d 924, 931-32 (E.D. Mo. 2009) ("A trial of the invalidity counterclaim would be long, expensive, and complicated. If my determination regarding infringement is correct—which of course I believe it is—the trial would have been an unnecessary waste of resources."), *rev'd in part on other grounds*, 641 F.3d 1368 (Fed. Cir. 2011); *Schering Corp. v. Amgen, Inc.*, 35 F. Supp. 2d 375, 378 (D. Del. 1999) (dismissing because a trial on invalidity would be "unnecessary and wasteful").

Morris James LLP

The Honorable Mitchell S. Goldberg
September 28, 2015
Page 5

favor on the issue of non-infringement to be immediately appealed. *See, e.g.*, *Jardin v. Datellegro, Inc.*, No. 08-CV-1462-IEG (WVG), 2011 WL 2182437, at *2-*3 (S.D. Cal. June 3, 2011) (holding that "judicial economy is best served by dismissing" the unenforceability claim after the "Court's summary judgment of non-infringement").

*Fourth*, when "unenforceability [is] not plainly evident," courts have held that an inequitable conduct claim should be dismissed without prejudice after summary judgment granting non-infringement. *See, e.g.*, *Z Trim Holdings, Inc. v. Fiberstar, Inc.*, No. 07-cv-161-bbc, 2008 WL 2717656, at *1 (W.D. Wis. Apr. 10, 2008) ("It is appropriate for a district court to dismiss as 'moot' counterclaims of unenforceability and invalidity when non-infringement is clear and invalidity and unenforceability are not plainly evident.") (*citing Phonometrics, Inc. v. Northern Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998)). Based upon the Court's ruling on Glaukos' motion for summary judgment of no inequitable conduct, that is certainly the case here. In denying that motion, the Court held that there were a number of disputed issues of material fact related to the claim which made summary judgment inappropriate. As noted above, to address those issues, a week-long trial will be required in which the parties expect to present the testimony of as many as fourteen witnesses and over 200 exhibits. The sheer amount of resources required for the inequitable conduct trial demonstrates that unenforceability is not plainly evident in this case, and therefore should be dismissed without prejudice.

\* \* \* \* \*

Although Glaukos vehemently believes that Transcend's inequitable conduct claim is without merit, Transcend's insistence that the parties proceed to trial on that claim – which would require an immense amount of resources to adjudicate complex issues of law and fact – when the "cloud of uncertainty" that allegedly led to this lawsuit has already been resolved through the entry of judgment in Transcend's favor on the issue of non-infringement is imprudent. Rule 1 of the Federal Rules of Civil Procedure expresses a preference to administer cases in a manner that would "secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. Transcend's position is inconsistent with that preference. District courts are vested with wide discretion in these circumstances, and Glaukos respectfully requests that this Court exercise its discretion to dismiss Transcend's inequitable conduct claim without prejudice so as to avoid the expenditure of the Court's and the parties' limited resources in connection with a trial that, at present, is unnecessary.

Respectfully,

*/s/ Kenneth L. Dorsney*

Kenneth L. Dorsney (I.D. #3726)
*kdorsney@morrisjames.com*

KLD/
cc: All counsel of record via efiling