**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE (Wilmington)**

| | | |
|---|---|---|
| **TRANSCEND MEDICAL, INC.,** | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 13-830 |
| **GLAUKOS CORPORATION,** | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 9th day of October, 2015, upon consideration of correspondence from counsel regarding whether or not the inequitable conduct trial should proceed as scheduled (see doc. nos. 288 and 290) and following a telephone status conference, I find as follows:

1. On September 18, 2015, I issued opinions and orders granting Transcend's motion for summary judgment on the issue of non-infringement, granting-in-part Transcend's motion on the issue of invalidity and denying Glaukos' motion on the issue of inequitable conduct. I set a trial date of November 2, 2015 on the inequitable conduct issue.

2. In light of these rulings, Glaukos urges that the inequitable conduct trial be postponed because the infringement ruling resolved the gravamen of the dispute between the parties and a trial on the inequitable conduct issue would be a waste of resources and potentially unnecessary in the event that the infringement ruling is affirmed on appeal.

3. The parties agree that, following summary judgment of non-infringement, courts have the discretion to dismiss any remaining inequitable conduct and invalidity claims without prejudice to allow an appeal of the non-infringement judgment to go forward. Glaukos urges that I should exercise this discretion and dismiss Transcend's inequitable conduct claim without prejudice to allow it an opportunity to appeal the non-infringement ruling.

4. After considering the parties' respective arguments, I have concluded that the inequitable conduct trial should proceed as scheduled. The following factors weigh in favor of my decision:

5. As evidenced by the thorough and detailed joint proposed pretrial order, the parties have expended substantial resources preparing for trial and are close to being prepared to try this case. Presumably, all necessary witnesses have arranged their schedules so that they may attend. Postponement of the trial so that the appeal process can play out in the Federal Circuit could, depending on the outcome in that court, require the parties to prepare for trial a second time. In short, a trial date that is only three weeks away weighs against postponement.

6. Furthermore, the inequitable conduct trial is a bench trial and will not involve a lengthy jury selection process. The parties have also indicated that the trial will likely only last four to five days and there is significant overlap between the parties' witnesses. In fact, each of Transcend's five witnesses appear on Glaukos' witness list as well. Although Glaukos indicates that it will call an additional five witnesses, counsel stated that the witnesses in common represent the majority of Glaukos' primary witnesses.

7. In addition to the foregoing, proceeding to trial on the inequitable conduct claim will serve to provide more clarity regarding the parties' positions in the event that the infringement ruling is reversed on appeal. Relatedly, reaching final judgment on all of the claims raised in this case will avoid the potential for piecemeal appellate litigation.

8. Finally, it is my intention to have a decision on the inequitable conduct claim issued before the end of the calendar year. As the appeal of the non-infringement ruling has not yet been filed, proceeding with the inequitable conduct trial as scheduled may assist the

Federal Circuit in considering both the non-infringement and inequitable conduct decisions together.

9. For all of the reasons stated above, counsel remain attached for the trial scheduled to commence on November 2, 2015.

**BY THE COURT:**

**/s/ C. Darnell Jones, II**

_____
**C. Darnell Jones, II, J.
For Mitchell S. Goldberg, J.**